UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Christopher A. Moore<br>    Plaintiff | )<br>)<br>) |
| MARY LOU MOORE ESTATE<br>    Plaintiff | )<br>)<br>) |
| v. | )  CIVIL ACTION<br>) |
| KINDRED HEALTHCARE OPERATING<br>INC., et al<br>    Defendants | )<br>)  NO:1:05-cv-11732-MLW<br>) |

RESPONSE TO MEMORANDUM AND ORDER (01/26/2006)

1. Attached is a completed "Application to Proceed without prepayment of Fees."
2. Plaintiff receives $690.00 month, $8,280 annually from rental income.
3. The income Plaintiff receives is below the federally established poverty level.
4. The Plaintiff declared bankruptcy in Massachusetts District court which was allowed. However all federal state and local taxes were not discharged in Bankruptcy court.
5. The City of Boston filed a complaint in Land Court for back real estate taxes on 10/05/2001. That tax taking was stayed by the bankruptcy filing. After the bankruptcy was discharged, the City began the tax taking on 08/19/2005. A "finding" was issued on 09/08/2005 in favor of the City of Boston.
6. Plaintiff was allowed to "redeem upon payment to the City of Boston for the amount of $11,647.07 by 11/07/2005.

1

7. Plaintiff agreed to enter into a payment arrangement with the city of Boston in order to forestall the city auctioning the plaintiff's home. The payment schedule calls for quarterly payments of $2967.81.
8. Plaintiff made a payment of $1100.00 to the City of Boston on 02/15/2006 with an obligation to pay the remainder of 1867.61 at the beginning of March, 2006.
9. The Plaintiff owes money to the Boston Water and Sewer Commission of $4,807.33 which was not discharged in bankruptcy. That case is presently in Land Court and will require a similar payment agreement.
10. The Plaintiff has regular obligations including homeowner's insurance of $1,600 annually.
11. The Plaintiff has regular utility bills (gas, telephone) as well as living expenses.
12. Payment of the real estate and water taxes alone, $16,678.60 (notwithstanding other fees, taxes and obligations) already exceed plaintiffs income of $8,280.00 by $8,398.60.
13. The Plaintiff does not have the means to pay the fees for the filing of the court complaint and respectfully asks the court to waive the filing fees.

### MARY LOU MOORE ESTATE

14. Mary Lou Moore Estate has no assets except for furniture and clothing valued at a few hundred dollars.
15. Christopher Moore is the administrator of the Mary Lou Moore Estate. Christopher Moore was also the son of Mary Lou Moore.
16. Christopher Moore has two brother and two sisters, all of whom assented in Probate Court to Christopher

Moore's appointment as administrator of the Mary Lou Moore Estate.

17. Christopher Moore, as administrator, is prepared to have an attorney represent the Mary Lou Moore Estate in this complaint.

18. Because of important timing issues, Plaintiff Christopher Moore needs to keep this complaint active and will do so as the sole plaintiff, if necessary.

19. Consequently, if the court so orders;
   a. the Mary Lou Moore Estate can be removed as a party to this action, at this time, or;
   b. the Mary Lou Moore Estate can be allowed to continue with the proviso/understanding that an attorney will be appointed to represent the interest of the estate.

Respectfully Submitted

_____
Christopher A. Moore
Plaintiff

Respectfully Submitted

_____
Christopher A. Moore
Administrator, Mary Moore Estate

The following documents are associated with this filing:
1) Application to proceed without prepayment of fees
2) Copy of Land Court Finding
3) "Final Notice and Demand" from Boston Water and Sewer

3